[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The State of Connecticut filed a paternity petition pursuant to Connecticut General Statute § 46b-162 alleging that the Defendant, Marquis Woodberry was the father of Adrianna Woodberry born July 11, 1998 to Melissa Campbell. On April 27, 1999, the Defendant was adjudicated to be the father of the minor child with the Family Support Magistrate ordering temporary child support and continuance of the case to July 6, 1999. On July 6, 1999, all parties were present and in court and the Magistrate established an order on the arrearage.
The State appeals from said order claiming that the State of Connecticut, and petitioner, Melissa Campbell, were denied the opportunity to review the temporary child support order. The State argues that it is aggrieved by the final decision of the Family Support Magistrate to mark the case off and Lequire a motion to modify rendered the temporary order a permanent one. The State of Connecticut filed its appeal pursuant to Connecticut General Statute § 46b-231 (n).
The standard for reviewing the decision of the Family Support Magistrate is set forth in Connecticut General Statute §46b-231 (n)(7):
 "The superior court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the decision of the family support magistrate is: (A) In violation of constitutional or statutory provisions; (B) in excess of the statutory authority of the family support magistrate; (C) made upon unlawful procedure; (D) affected by other error of law; (E) clearly erroneous in view of the CT Page 14748 reliable, probative, and substantial evidence on the whole record; or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
The State of Connecticut contends that the Magistrate marked the case off and required the State and/or the Plaintiff to file a motion to modify as a pre-condition to the Court's jurisdiction to order a permanent order of support. The Trial Court has reviewed the transcript of the hearing before Magistrate Lifshitz dated July 6, 1999. The record of the hearing indicates that the Magistrate was proceeding on the temporary order previously issued by Magistrate Alvord on April 27, 1999. The Magistrate concluded that there was nothing further pending before the court. The Magistrate did not rule that the State and/or the Plaintiff was required to file a motion to modify the existing child support order.
The Court concludes that the Magistrate did not abuse its discretion and, further, was not in violation of any other subparagraph of § 46b-231 (n)(7).
Wherefore, the appeal of the State of Connecticut is hereby dismissed.
Devine, J.